# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-1942

_____

| | | |
|---|---|---|
| Rhonda Smith, Individually and as representative of all persons similarly situated, | * * * | |
| | * | Appeal from the United States |
| Appellee, | * | District Court for the |
| | * | Eastern District of Missouri. |
| v. | * | |
| | * | |
| American States Preferred Insurance Company, | * * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 10, 2001
Filed: May 14, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

American States Preferred Insurance Company (American States) appeals the district court's[1] remand order. Because we lack jurisdiction to review this decision, we

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

dismiss this appeal. See Vincent v. Dakota, Minn. & E. R.R. Corp., 200 F.3d 580, 581 (8th Cir. 2000).

Rhonda Smith brought a class action lawsuit in Missouri state court against American States for breach of contract when American States refused to compensate her for the diminished value of her automobile after it was damaged in an accident. She sought damages, statutory penalties, attorney's fees, interest, and costs. The class consisted of American States' policyholders in Missouri who had submitted damage claims to American States within a certain period of time. American States removed the action to federal court on the basis of diversity jurisdiction. The district court remanded the case to state court for lack of subject matter jurisdiction because American States could not meet the $75,000 amount in controversy requirement. There was no question that complete diversity existed between the parties. American States appeals the remand order.

Under 28 U.S.C. § 1447(d), an order remanding an action for lack of subject matter jurisdiction is not reviewable on appeal unless the action was removed pursuant to 28 U.S.C. § 1443, pertaining to removal in civil rights actions, an exception not applicable in this case. Here, the district court determined that it lacked subject matter jurisdiction over this case because the defendant was unable to prove that the amount in controversy exceeded $75,000. Thus, the district court's remand order is not reviewable. The remand order must stand whether it is erroneous or not. Vincent, 200 F.3d at 580. Consequently, we decline to address American States' other arguments that it could meet the amount in controversy requirement by aggregating the individual plaintiffs' claims, by aggregating any state statutory penalties which may be assessed in the favor of any individual plaintiff, and by consideration of the possible award of attorney's fees to the plaintiffs.

American States' attempt to bypass the § 1447(d) obstacle to reviewability by suggesting that its constitutional rights to due process and equal protection were

violated by the remand order fails. American States asserts that the district court's reliance on the single plaintiff perspective in determining the amount in controversy, rather than considering the defendant's calculation of the amount in controversy, is discriminatory. Our own circuit precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount. See Mass. State Pharm. Ass'n v. Fed. Prescription Serv., Inc., 431 F.2d 130, 132 (8th Cir. 1970); see also Trimble v. Asarco, Inc., 232 F.3d 946, 960-62 (8th Cir. 2000) (each and every member of plaintiff class must satisfy the jurisdictional amount; plaintiffs' claims cannot be aggregated where the plaintiffs assert separate and distinct claims). Reliance on the plaintiff's perspective does not violate American States' constitutional rights to due process or equal protection and is in accordance with the law of this circuit, by which we are bound. See Hazen ex rel. LeGear v. Reagen, 208 F.3d 697, 698 (8th Cir. 2000)(one panel of this circuit may not overrule another panel). Without a meritorious constitutional claim, American States cannot seek review of the remand order.

For the foregoing reasons, we dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3