

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2002

# Albert v. BMW

Precedential or Non-Precedential: Precedential

Docket No. 01-2751

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Albert v. BMW" (2002). *2002 Decisions.* Paper 335.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/335

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

                    UNITED STATES COURT OF APPEALS
                         FOR THE THIRD CIRCUIT


                            NO. 01-2751


                          TODD J. ALBERT
As Executor of the Estate of Lauren Albert, Deceased, and in His Own Right

                                v.

        BAYERISCHE MOTORENWERKE AKTIENGESOLLSCHAFT, (BMW);
             THE ROVER GROUP; SUD VOYAGES; PALM TOURS

                          The Rover Group
                            Appellant


         On Appeal From The United States District Court
            For the Eastern District of Pennsylvania
                  (D.C. Civil No. 00-cv-02507)
         District Judge:  Honorable Clifford Scott Green


         Submitted Pursuant to Third Circuit LAR 34.1(a)
                         May 23, 2002

      BEFORE: MCKEE, STAPLETON and WALLACE,* Circuit Judges

               (Opinion filed: June 10, 2002)



* Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting
   By designation.




                     OPINION OF THE COURT



STAPLETON, Circuit Judge:

     Our power to review a District Court's order to remand a case to state court is
limited by 28 U.S.C.  1447(d) (1994), which states, "[a]n order remanding a case to the
State court from which it was removed is not reviewable on appeal or otherwise."  The
statute provides one exception, not relevant here, for civil rights cases.  See id.  The
Supreme Court has construed this section narrowly, stating, "section [  1447(d)] and
  1447(c) must be construed together . . . .  This means that only remand orders issued
under  1447(c) and invoking the grounds specified therein . . . are immune from review
under  1447(d)."  Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-46
(1976).
     Section 1447(c) states:

A motion to remand the case on the basis of any defect in removal procedure must be within 30 days after filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C.  1447(c) (1994).  We have construed this section to allow the District Court to remand for "(1) lack of district court subject matter jurisdiction or (2) a defect in removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  Thus, when a District Court bases its decision to remand on one of these grounds,  1447(d) bars our review.  See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  Further,  1447(d) "prohibits review of all remand orders issued pursuant to  1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ."  Thermtron Products, Inc., 423 U.S. at 343; see also Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 126 (3d Cir. 1998).

Here it is clear that the District Court's order was based on a procedural defect in the notice of removal, and thus the bar applies.  The District Court determined that the Rover Group and BMW violated the so-called rule of unanimity which requires that "when there is more than one defendant, all must join in the removal petition."  Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).  This is a procedural requirement.  See Balazik, 44 F.3d at 213 ("Failure of all defendants to join is a 'defect in removal procedure' within the meaning of  1447(c) . . . .").  In Balazik, plaintiffs brought a  1983 suit against 13 defendants seeking relief and damages from a county taxing scheme.  Three of the defendants removed the case from state court pursuant to  1331, 1441, and 1443.  The remaining ten defendants did not join in the removal notice.  See id. at 211.  Plaintiffs made a timely motion to have the proceedings remanded, claiming that the District Court lacked subject matter jurisdiction.  See id. at 212.  The District Court rejected the plaintiffs contention that it lacked jurisdiction, but remanded as a matter of comity under the Tax Injunction Act and Fair Assessment in Real Estate Association v. McNary, 454 U.S. 100 (1981).  On appeal, the plaintiffs contended that the court of appeals could not review the decision because "not all of the defendants joined in the removal, thus constituting a 'defect in removal procedure.'" Id. at 213.  The court stated,

We agree that the failure of all defendants to remove creates a defect in removal procedure within the meaning of  1447(c).  We would have been required to resolve the issue of our review on that basis, had the district court so held.  However, as earlier noted, . . . the district court did not rule on a  1447(c) ground.  Thus, the bar to appellate review commanded by  1447(c) and  1447(d) is inapplicable in light of the district court's ground of decision . . . .

Id. at 213.

Here the District Court ruled on the procedural defect ground.  Like the plaintiffs in Balazik, the plaintiffs here argued that the notice of removal was defective because not all of the defendants consented.  The defendants argued that the court should disregard the rule of unanimity because "(1) service upon all defendants was either improper, or plaintiffs failed to establish that service was proper; (2) plaintiffs did not file a return of service forthwith; and, (3) the remaining defendants are nominal and/or fraudulently joined defendants."  App. at 6; see also app. at 113.  The District Court rejected these arguments finding that plaintiff properly served on Sud Voyages and Palm Tours in Morocco.  App. at 6-7.  Further, the District Court determined that Sud Voyages and Palm Tours were not nominal or fraudulently joined defendants.  See app. at 7-8.

The District Court thus remanded this case to state court on a procedural ground within the meaning of  1447(c) and, pursuant to  1447(d),  we cannot review this decision.

We are unpersuaded by defendants' claim that because the District Court had to rule on the exception to the unanimity rule, a separate exception to the  1447(d) bar applies.  In Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140 (1934), the Supreme Court considered a case in which removal was based on the entry of a diverse

party into the underlying dispute. The diverse party removed the case on the grounds that a separable controversy existed. The District Court dismissed the third party and remanded for lack of jurisdiction because diversity had been destroyed. See id. at 142. The Supreme Court held that while no appeal could lie from the remand order itself, "in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably, this order is the subject of an appeal. . . ." Id. at 143. This is not a true exception to the 1447(d) bar, rather the Waco Court recognized that where a separate decision necessarily preceded the decision to remand, the court of appeals can review the earlier decision. See Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 222 (3d Cir. 1995) ("The Court in Waco did not create an exception to the bar of review of remand orders; it held only that separable decisions underlying and preceding the remand could be reviewed.").

Following Waco, we have held that "a district court cannot prevent appellate review of a final collateral order by contemporaneously remanding a case to state court. . . . Such an order, however, must satisfy two separate jurisdictional requirements. First, it must avoid the bar to appellate review in 28 U.S.C. 1447(d). Second, it must satisfy the finality requirement of 28 U.S.C. 1291." Carr v. American Red Cross, 17 F.3d 671, 675 (3d Cir. 1994) (citing Powers v. Southland Corp., 4 F.3d 223, 226 (3d Cir. 1993). Under the first prong, "the order must be both logically precedent to, and separable from, the remand decision." Id. Defendants contend that the District Court's remand is "based on its finding that Sud Voyages and Palm Tours actually are defendants in this litigation. The decision is the substantive decision on which the remand depends. If that decision is incorrect, the remand is incorrect. Thus the District Court's remand order is reviewable." Grey Br. at 5. This argument is unavailing.

Here, unlike in Waco, there is no separate issue to consider or order to be appealed. Rather, the defendants request review of a decision that was part and parcel of the District Court's decision to remand in the first place. That is, the District Court ruled on whether the Moroccan defendants were fraudulently added or nominal defendants. In making its decision, the District Court rejected the defendants' argument that the Moroccan tour companies are nominal defendants because no court sitting in Pennsylvania would have personal jurisdiction over the Moroccan companies. The court had to make that decision in order to rule on whether the rule of unanimity applied and thus whether removal was procedurally proper. Therefore, there is no separable decision for us to review and the Waco line of cases does not apply.

CONCLUSION

This appeal will be dismissed for want of jurisdiction.


TO THE CLERK:


    Please file the foregoing Not Precedential Opinion.



                          /s/ Walter K. Stapleton
                              Circuit Judge