[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 02-12230

_____

D. C. Docket No. 01-01330-CV-ORL-28

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2003
THOMAS K. KAHN
CLERK

JOHANNA HERNANDEZ and
MARIA HERNANDEZ, as Co-Personal
Representatives of the Estate of
CHARLES HERNANDEZ, Deceased,

Plaintiffs-Appellees,

versus

SEMINOLE COUNTY, FLORIDA, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 24, 2003)

Before TJOFLAT, ANDERSON and  CUDAHY*, Circuit Judges.

ANDERSON, Circuit Judge:

_____

*Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit,
sitting by designation.

This appeal requires us to revisit the issue of the scope of appellate jurisdiction over a district court's remand decision under 28 U.S.C. § 1447(d). Plaintiffs originally filed this suit in state court under 42 U.S.C. § 1983 against thirty-one separate defendants. All but two of the defendants then filed a notice removing the case to federal court pursuant to 28 U.S.C. § 1441(a). Though removal normally requires the unanimous consent of all defendants, the defendants here argued that such consent was unnecessary due to the fact that the non-consenting defendants are nominal parties. After conducting an evidentiary hearing, the district court concluded that the lone holdouts were not nominal parties and that their consent was necessary to effectuate removal. The court then remanded the case to state court. The threshold issue presented here is whether we have jurisdiction to review that decision. We conclude that we do not.

## I. BACKGROUND

Plaintiffs, relatives of the decedent, Charles Hernandez, originally filed this suit in a Florida court on July 13, 2001, alleging a cause of action under 42 U.S.C. § 1983 against the defendants, Seminole County, Florida, and a number of the county's officers and employees. Plaintiffs claim that Hernandez, a pretrial detainee, died while in the custody of the defendants as a result of their deliberate

2

indifference to his serious medical needs. Two of the named defendants are Dr. Debra Dube and her professional association, Debra A. Dube Associates, P.A. (hereinafter "the Dube Defendants"). Plaintiffs alleged in their complaint that the Dube Defendants were under contract with the county to provide medical services to inmates such as Hernandez. Plaintiffs claim that Dr. Dube prescribed contraindicated medications to Hernandez and that she subsequently failed to transfer him to an appropriate medical facility once his condition deteriorated.

On September 19, 2001, the plaintiffs entered into an agreement with the Dube Defendants, with a purpose of defeating any possible removal of the case from state court. In exchange for the Dube Defendants' agreement to withhold their consent to removal, the plaintiffs agreed to limit any recovery against Dr. Dube to $250,000 (the limit of her insurance policy). Plaintiffs also agreed not to seek damages against Dr. Dube in the event that her insurance carrier refused to provide coverage.

Shortly thereafter, on November 14, 2001, the other defendants joined in filing a notice of removal in the United States District Court for the Middle District of Florida. The defendants, in their notice of removal, stated that the Dube Defendants did not consent to removal but that their consent was not required because they were nominal parties as a result of the September 19 agreement.

Plaintiffs then filed a motion to remand the case to state court, citing a lack of unanimity among the defendants.

On January 29, 2002, the district court held an evidentiary hearing to resolve these issues. After reviewing the September 19 agreement and hearing testimony from counsel about Dr. Dube's continuing interest in the litigation and intent to vigorously defend, the district court concluded that the Dube Defendants were not nominal parties and that the case should therefore be remanded to state court due to the lack of unanimous consent to removal. Defendants challenge that decision on appeal.

## II. DISCUSSION

Before we can address the merits of the district court's position, we must first decide whether we have jurisdiction over this appeal. As a general rule, we cannot review a district court's decision remanding a case to state court. Specifically, Congress has provided that:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

4

28 U.S.C. § 1447(d) (West Supp. 2003).  With one exception not relevant here[1], §

1447(d) appears to bar appellate review of <u>any</u> remand decision by a district court.

The simplicity of the statutory language is misleading, however, because there are a

number of judicially created exceptions that provide for appellate review of remand

decisions.  Defining the contours of these exceptions has proven to be an elusive

task.  Consequently, "'straightforward' is about the last word judges attach to §

1447(d) these days . . . ."  <u>In re Amoco Petroleum Additives Co.</u>, 964 F.2d 706, 708

(7th Cir. 1992).

The most notable exception to the bar on appellate review of remand

decisions was announced by the Supreme Court in <u>Thermtron Products, Inc. v.

Hermansdorfer</u>, 423 U.S. 336, 96 S.Ct. 584 (1976).  The district court there

remanded a case to state court, citing concerns about its overcrowded docket.  The

defendants petitioned the Sixth Circuit to issue a writ of mandamus directing the

district court to retain jurisdiction over the case.  They argued that the case was

properly removed and that the district court did not have the discretion to remand

---

[1] Section 1447(d) expressly excepts from its coverage certain "equal civil rights" cases removed under 28 U.S.C. § 1443.  Though Defendants, in their notice of removal, cited that provision as the basis for removal, their subsequent briefs only addressed the propriety of removal under 28 U.S.C. § 1441, and the district court consequently looked only at § 1441 in making its decision. As Defendants have not raised the applicability <u>vel non</u> of that exception on appeal, we likewise treat this case as one removed pursuant to § 1441, not § 1443.

the case on the grounds asserted. Citing § 1447(d), the Sixth Circuit held that it lacked jurisdiction to review the district court's remand decision. The Supreme Court reversed. The Court recognized that § 1447(d) must be read in pari materia with § 1447(c), which provides the grounds on which a district court can remand a case to state court.[1] The result, the Court noted, is that only remands based on grounds specified in § 1447(c) are insulated from review under § 1447(d). Id. at 351, 96 S.Ct. at 593. And, because the ground for the district court's remand decision was not based on § 1447(c), the Court held that § 1447(d) did not bar appellate review of that decision. Id.

Defendants rightly do not argue that the exception alluded to in Thermtron applies here. "§ 1447(c) implicitly recognizes two bases upon which a district court may–and in one case must–order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter

---

[1]Section 1447(c), in relevant part, provides that:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (West Supp. 2003). Though the Court in Thermtron indicated that § 1447(c) provides the exclusive grounds upon which a remand can be granted, the Court later clarified its position and held that other grounds may also support a remand in certain instances. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 623 (1988) (concluding that a district court has the discretion to remand a case to state court once all federal claims are dismissed).

jurisdiction." Snapper, Inc. v. Redan, 171 F.3d 1249, 1252-53 (11th Cir. 1999). The district court based its remand decision on a perceived defect in the removal process, specifically, the defendants' failure to satisfy the unanimity requirement of § 1446.[2] "The failure to join all defendants in the petition is a defect in the removal procedure." See In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). Consequently, when a district court remands a case on that basis, its decision is normally insulated from appellate review. See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001) (citations omitted) (noting that a district court's remand for lack of unanimity "is clearly based on a defect in the removal process.").

That conclusion applies with equal force to cases where defendants argued in the district court that a non-consenting party was either nominal or fraudulently joined. See Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 409-10 (7th Cir. 2000)

---

[2]Section 1446 provides in relevant part that:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). This provision has been interpreted to require that all defendants join in the removal petition. See Russell, 264 F.3d at 1044; In re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993).

(noting that appeals court had no jurisdiction over a remand decision issued over the objections of defendant, who claimed that the plaintiffs who destroyed diversity were fraudulently joined or nominal parties, and holding that removing defendant's contrary argument in support of appellate jurisdiction was frivolous); Tramonte v. Chrysler Corp., 136 F.3d 1025, 1027-28 (5th Cir. 1998) (recognizing that the district court's remand decision, which was issued despite defendant's claim that another party had been fraudulently joined to defeat diversity, would not ordinarily be subject to review on appeal because it was "unquestionably based . . . on a lack of subject matter jurisdiction."). See also Albert v. Bayerische Motorenwerke Aktiengesollschaft (BMW), No. 01-2751, 2002 WL 2004669, at *3 (3d Cir. June 10, 2002) (holding that § 1447(d) bars review of district court's decision to remand based on district court's finding that the defendants who withheld their consent to removal were not nominal parties nor fraudulently joined).[3] To the same effect are those decisions holding that § 1447(d) bars appellate review of a district court's remand decision based upon a finding that the amount in controversy was insufficient or that a party whose joinder would destroy diversity was a necessary and indispensable party. See, e.g., Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 99 (1st Cir. 2001) (holding that appellate court lacked jurisdiction to review

_____

[3] Although the Albert opinion was not published, we find it persuasive.

8

district court's remand decision where the district court concluded that it lacked subject matter jurisdiction due to the plaintiff's failure to show that the amount-in-controversy requirement had been met); Arnold v. State Farm Fire and Cas. Co., 277 F.3d 772, 775-76 (5th Cir. 2001) (recognizing that the court lacked jurisdiction to review a district court's determination that the amount-in-controversy requirement was not met where that determination appeared to be premised on a mathematical error); Smith v. American States Preferred Ins. Co., 249 F.3d 812, 813 (8th Cir. 2001) (dismissing appeal of remand decision for lack of jurisdiction where district court's remand decision was premised on its finding that the defendant had failed to prove that the amount-in-controversy requirement had been met); Excimer Assocs., Inc. v. LCA Vision, Inc., 292 F.3d 134, 138-39 (2d Cir. 2002) (refusing to exercise jurisdiction over district court's remand decision where district court concluded that it lacked subject matter jurisdiction because a party whose presence would destroy diversity was a necessary and indispensable party).

Notwithstanding this well-established law that § 1447(d) bars appellate review of remand decisions based upon findings of nominal party or fraudulent joinder status, the consenting defendants insist that this Court has jurisdiction because the district court, prior to reaching its decision, considered the effect of a settlement agreement between the plaintiffs and the Dube Defendants. In making

9

this argument, defendants chiefly rely on two of our earlier cases, Snapper and Russell. Both cases involved the enforceability of forum selection clauses, and in both instances, this Court held that a remand predicated on the interpretation thereof was not insulated from appellate review under § 1447(d). Snapper, 171 F.3d at 1260; Russell, 264 F.3d at 1046. Defendants argue that because the district court here also reviewed a contractual provision (the settlement agreement) before making its decision, appellate review of the remand order is warranted here as well.

We disagree. A number of rationales have been asserted in support of the proposition that § 1447(d) does not bar review of a remand decision predicated on the application of a forum selection clause. None of those rationales, however, support review of the remand decision here.

One of the most common arguments in favor of reviewing remand decisions based on forum selection clauses is based on the Thermtron exception discussed supra. In Snapper, the district court remanded the case to state court on the basis of a forum selection clause between the plaintiff and the defendants. In deciding whether we had jurisdiction to review that decision, we concluded that the district court did not remand the case on the basis of any "defect" in the removal process, and that it was instead merely enforcing the terms of a contractual agreement

10

between the parties. Snapper, 171 F.3d at 1253. Thus, because the district court did not base its remand decision on a ground specified in § 1447(c), we held that the bar to appellate review did not apply. Id. at 1260. See also Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797 (5th Cir. 2001) ("When a district court remands a suit relying on a contractual forum selection clause, that decision is not based on lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review."); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1344 (10th Cir. 1992) (holding that remand could be reviewed under § 1447(d) because "[t]he judge granted the motion to remand in order to enforce the [forum selection] clause, not on the basis of one of the grounds specified in former § 1447(c)."). That rationale does not apply here because, as we noted supra, the district court's decision was indisputably based on a perceived defect in the removal process -- the lack of unanimous consent to removal.

Another purported exception often invoked to support appellate review of remand decisions based on forum selection clauses is known as the "matter of substantive law exception" to § 1447(d). This doctrine "allows the courts of appeals to review those remands to state court that are based on determinations of the substantive rights of the parties." Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1285 (11th Cir. 1999). However, Aquamar held that the

11

"matter of substantive law exception" does not apply "when 'the substantive issue is <u>intrinsic</u> to the district court's decision to remand for lack of subject matter jurisdiction." <u>Id.</u> at 1285 (emphasis added) (quoting <u>Calderon v. Aerovias Nacionales de Colombia</u>, 929 F.2d 599, 602 (11th Cir. 1991)). In <u>Calderon</u>, the defendants were sued in a Florida state court in connection with an airplane crash in New York. The defendants removed the case to federal court pursuant to § 1441, claiming that the plaintiffs' claims, though ostensibly brought under state law, were completely preempted by the Warsaw Convention. The district court rejected that argument and remanded the claims to state court. On appeal, we concluded that the "matter of substantive law exception" did not provide a basis for appellate review:

> It is true that . . . the decision underlying the remand order [for lack of subject matter jurisdiction] involved a conclusion of substantive law. However, . . . the substantive law decision related to the question of jurisdiction; the remand order did not affect the substantive rights of the parties.

<u>Id.</u> at 602 (alterations in original) (quoting <u>Glasser v. Amalgamated Workers Union Local 88</u>, 806 F.2d 1539, 1540 (11th Cir. 1986)). We reached a similar conclusion in <u>In re Loudermilch</u>, 158 F.3d 1143 (11th Cir. 1998). There, the district court remanded the case to state court after it determined that plaintiff's state law claims were not preempted by ERISA. The defendant argued that appellate review could

12

be had because the district court's decision was based on a substantive interpretation of ERISA. We dismissed that suggestion, however, noting that the district court's "[r]ejection of [the defendants'] preemption argument was merely a step towards the conclusion that the court lacked jurisdiction." Id. at 1146. See also Glasser, 806 F.2d at 1540 (refusing to review district court's remand decision where remand was based on district court's determination that plaintiff's claims were not completely preempted by ERISA); Anusbigian v. Trugreen/Chemlawn, Inc., 72 F.3d 1253, 1254 (6th Cir. 1996) (district court's remand based on its construction of Michigan law could not be reviewed because the court was looking at that issue for the purpose of deciding whether it had jurisdiction, specifically, whether plaintiff satisfied the amount-in-controversy requirement).

In the instant case, we readily conclude that the district court's remand decision is not reviewable pursuant to the "matter of substantive law exception" because the district court's analysis of the facts adduced at the evidentiary hearing and the settlement was intrinsic to its finding that the Dube Defendants were not nominal parties. The district court looked at the facts and the effect of the settlement agreement for the sole purpose of deciding whether the case was properly removed. The district court's conclusion that the agreement did not transform the Dube Defendants into nominal parties was thus intrinsic to its

13

remand decision; it was also a jurisdictional finding similar to the ones in Calderon

and Loudermilch that had no effect on the defendants' substantive rights.

Consequently, the "matter of substantive law exception" provides no avenue for

appeal here.

Our decision in Russell does not indicate a different result. There, the

plaintiff-company filed suit in an Alabama state court, seeking a determination that

it was covered under a number of insurance policies for its alleged contamination

of a lake. The plaintiff argued that 23 insurers had breached their obligations to

defend the plaintiff in two civil actions brought against the company in connection

with the alleged contamination. The insurers removed the case to federal court.

The plaintiff argued that a contract with one of the insurers contained a "service of

suit clause" which constituted consent by the insurer to be sued in the forum of the

plaintiff's choosing. The district court agreed and enforced the clause against that

insurer. Moreover, as a result of the court's ruling, it found that the defendants

were no longer "unanimous" in their consent to removal and thus the case had to be

remanded to state court.

On appeal, we held that § 1447(d) did not bar our consideration of the

district court's remand decision. The reason, we explained, was that the district

court's decision was "premised upon its substantive decision regarding the service

14

of suit clause, which was completely external to the removal process." Russell, 264 F.3d at 1046 (emphasis added). Therefore, we could disregard "the fact that the district court's remand order was ostensibly based on a procedural defect, because 'the procedural defect found by the district court arose only because it held [that] the choice of venue clauses rendered [the defendant's] consent void.'" Id. (alterations in original) (quoting SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 581 (10th Cir.1997)).

In contrast to Russell, the district court's review of the settlement contract between plaintiffs and the Dube Defendants was in no sense external to the removal process or separate from the remand decision. Rather, as we noted supra, the district court's analysis of the settlement contract was "intrinsic" to the remand decision; it was part and parcel thereof. Unlike Russell, the instant case came before the district court with fewer than all of the defendants consenting to the removal, with the removing defendants asserting that the non-consenting defendants were nominal parties. The defect in the removal process was thus apparent from the moment the case entered federal court, and the district court addressed the nominal party issue, which implicated the analysis of the settlement contract, in order to decide whether the case was properly removed in the first instance. The nominal party question thus went to the very essence of the removal

15

question and certainly was not external to it. The instant case is not like <u>Russell</u>. Rather, it is like <u>Glasser</u>, <u>Calderon</u>, and <u>Loudermilch</u>, which involved substantive legal decisions intrinsic to the remand decision. This case is also analogous to those cases in which a remand decision was predicated on a factual determination[4] intrinsic to the remand decision. <u>See</u>, <u>e.g.</u>, <u>Christopher</u>, 240 F.3d at 99 (amount-in-controversy requirement); <u>Smith</u>, 249 F.3d at 813 (same); <u>Excimer</u>, 292 F.3d 138-39 (necessary and indispensable party).

For similar reasons, the <u>Waco</u> doctrine provides no basis for review here. In <u>City of Waco v. United States Fidelity & Guaranty Co.</u>, 293 U.S. 140, 55 S.Ct. 6 (1934), the district court dismissed a party to a case which had been removed from state court, and then the district court remanded the case to the state court because diversity was lacking in the absence of the dismissed party. The Supreme Court recognized that the remand decision itself could not be reviewed, but it held that the dismissal of the party could be reviewed without running afoul of the rule against appellate review of remand decisions. <u>Id.</u> at 143-44, 55 S.Ct. at 7. This Court, in <u>Aquamar</u>, 179 F.3d at 1286, characterized the <u>Waco</u> doctrine as permitting an appellate court to review orders that "lead to, but are separate from,

---

[4]Indeed, in the instant case the district court's nominal party analysis was as much a finding of fact as a legal conclusion.

16

orders of remand and have a conclusive effect upon the ensuing state court action."[5] The <u>Waco</u> exception applies only to orders that are "separable" from the remand decision. An order is separable and therefore subject to appellate review under <u>Waco</u> where the order "precedes [the] remand 'in logic and in fact' and is 'conclusive,' i.e., it will have the preclusive effect of being functionally unreviewable in the state court," <u>Linton v. Airbus Industrie</u>, 30 F.3d 592, 597 (5th Cir. 1994), and it changes the contours of the state court action after remand, <u>Aquamar</u>, 179 F.3d at 1286. "If the court looks to an issue <u>for the purpose of</u> determining subject matter jurisdiction, the issue is not separable because it cannot be said to have preceded the remand decision "in logic <u>and in fact</u>." <u>Powers v. Southland Corp.</u>, 4 F.3d 223, 228 (3d Cir. 1993) (emphasis in original).

The district court's determination that the Dube Defendants are not nominal parties cannot be separated from its remand decision. The court looked at that

---

[5]As noted in the text, the <u>Waco</u> decision itself held only that the order which was "separable" from the remand order was reviewable; the Supreme Court expressly recognized that the remand order itself was not reviewable. <u>Waco</u>, 293 U.S. at 143, 55 S.Ct. at 7 (noting that the reversal of the dismissal order could not affect the remand order itself). The Ninth Circuit in <u>Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.</u>, 741 F.2d 273, 276-77 (1984), apparently extended the <u>Waco</u> doctrine and reviewed the remand order itself. This Circuit has recognized that the Supreme Court in <u>Waco</u> "found that the dismissal (but not the remand) was reviewable on appeal." <u>Aquamar</u>, 179 F.3d at 1286. For the reasons set out in the text below, we conclude that the <u>Waco</u> doctrine is not applicable to the instant case in any event, and thus we need not address the viability of any extension of the doctrine. Nor need we explore the distinction between the "matter of substantive law" exception and the <u>Waco</u> exception. <u>See</u> <u>Aquamar</u>, 179 F.3d at 1286 (explaining the difference between the "matter of substantive law exception" and the <u>Waco</u> doctrine).

17

issue for the express purpose of determining whether it had jurisdiction. The Third Circuit examined a similar claim in <u>Albert v. Bayerische Motorenwerke Aktiengesollschaft (BMW)</u>, No. 01-2751, 2002 WL 2004669 (3d Cir. June 10, 2002). As in this case, the defendants in <u>Albert</u> argued that the district court should have disregarded non-consenting defendants for removal purposes due to their status as nominal or fraudulently joined parties. The district court rejected that claim and remanded the case to state court. On appeal, defendants argued that the nominal party determination could be reviewed under <u>Waco</u>. The Third Circuit disagreed:

> Here, unlike in <u>Waco</u>, there is no separate issue to consider or order to be appealed. Rather, the defendants request review of a decision that was part and parcel of the District Court's decision to remand in the first place. That is, the District Court ruled on whether the [defendants] were fraudulently added or nominal defendants. In making its decision, the District Court rejected the defendants' argument that the [non-consenting defendants] are nominal parties because no court sitting in Pennsylvania would have personal jurisdiction over [them]. The court had to make that decision in order to rule on whether the rule of unanimity applied and thus whether removal was procedurally proper. Therefore, there is no separable decision for us to review and the <u>Waco</u> line of cases do not apply.

<u>Id.</u> at *3. As in <u>Albert</u>, the district court's determination that the Dube Defendants are not nominal parties was "part and parcel" of its remand decision. It did not precede the remand "in logic <u>and in fact</u>." Thus, the district court's nominal party

18

determination is not a separable order that can be reviewed on appeal under <u>Waco</u>.

## III. CONCLUSION

Defendants cannot satisfy any of the applicable exceptions to § 1447(d).

Accordingly, defendants' appeal is hereby **DISMISSED** for want of jurisdiction.