[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11754
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 09-00384-CV-WSD-1

JOHN A. KOPEC,

Plaintiff-Appellee,

versus

CARL JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 4, 2009)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant Carl Jenkins appeals pro se the remand of this civil action for a writ of possession and damages for unpaid rent filed by John A. Kopec. Jenkins argues that the law of Georgia governing dispossessory actions violates his federal civil rights under the First, Fifth, Seventh, and Fourteenth Amendments. 28 U.S.C. §§ 1441, 1443. We dismiss in part and affirm in part.

"We are required to examine our jurisdiction sua sponte. We review jurisdictional issues de novo." Adams v. Monumental Gen. Cas. Co., 541 F.3d 1276, 1277 (11th Cir. 2008) (internal citation omitted).

"As a general rule, we cannot review a district court's decision remanding a case to state court." Hernandez v. Seminole County, Fla., 334 F.3d 1233, 1235 (11th Cir. 2003); see 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). This rule applies when the district court concluded that it "lack[s] removal jurisdiction under § 1441 [because] the case is not one over which the court has original jurisdiction." Cogdell v. Wyeth, 366 F.3d 1245, 1248 (11th Cir. 2004); see 28 U.S.C. § 1441(a). But "[s]ection 1447(d) expressly exempts from its coverage certain 'equal civil rights' cases removed under 28 U.S.C. § 1443." Hernandez, 334 F.3d at 1236 n.1; see 28 U.S.C. § 1447(d) (barring appellate review of a remand order, "except that an order remanding a case to the State court

2

from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise").

Under section 1443, a defendant may remove an action if it is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> In <u>Georgia v. Rachel</u>, [384 U.S. 780, 86 S. Ct. 1783 (1966),] the United States Supreme Court articulated the two-prong test which a removal petition filed pursuant to § 1443(1) must satisfy. First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality. Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts.

<u>Alabama v. Conley</u>, 245 F.3d 1292, 1295 (11th Cir. 2001) (citations omitted). A defendant's reliance on broad constitutional or statutory provisions does not support removal under section 1443 when those provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." <u>Rachel</u>, 384 U.S. at 792, 86 S. Ct. at 1790 (referring to the First Amendment and the Due Process Clause of the Fourteenth Amendment); <u>accord</u> <u>Conley</u>, 245 F.3d at 1295–96 (reliance on the Equal Protection Clause is insufficient to satisfy section 1443(1)).

3

We lack jurisdiction to review the remand of this action for lack of jurisdiction under section 1441, but we affirm the decision to remand for lack of jurisdiction under section 1443. Jenkins failed to satisfy the first part of the test established in <u>Rachel</u>.  Accordingly, we affirm in part and dismiss in part for lack of jurisdiction.[1]

**AFFIRMED IN PART; DISMISSED IN PART.**

---

[1]  Kopec's request for costs and fees is denied.