[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2010
JOHN LEY
CLERK

No. 10-12369
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cv-80374-KAM

JEFFREY P. LAWSON,

Plaintiff-Appellee,

versus

KATHY ANN GARCIA-LAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 6, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

The plaintiff, Jeffrey P. Lawson, filed this divorce action in Florida state

court against Kathy Ann Garcia-Lawson.  Garcia-Lawson, proceeding pro se,

removed the action to the Southern District of Florida under 28 U.S.C. § 1443. The district court remanded the proceeding to state court concluding that removal jurisdiction under § 1443 did not exist. Garcia-Lawson now appeals.

I.

"As a general rule, we cannot review a district court's decision remanding a case to state court." Hernandez v. Seminole Cnty., Fla., 334 F.3d 1233, 1235 (11th Cir. 2003); see also 28 U.S.C. § 1447(d) (providing that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"). However, "[s]ection 1447(d) expressly excepts from its coverage certain equal civil rights cases removed under 28 U.S.C. § 1443." Hernandez, 334 F.3d at 1236 n.1 (quotation marks omitted); see also Cogdell v. Wyeth, 366 F.3d 1245, 1247 n.3 (11th Cir. 2004); Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 n.2 (11th Cir. 2001); 28 U.S.C. § 1447(d) (stating that "[a]n order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise").

Title 28 U.S.C. § 1443(1) "permits a defendant in a civil state court action to remove the action to federal district court if the action is against a person who is denied or cannot enforce in the state courts a right under any law providing for equal civil rights of citizens of the United States." Alabama v. Conley, 245 F.3d

2

1292, 1295 (11th Cir. 2001) (quotation marks omitted).  A removal petition filed under § 1443(1) must satisfy the two-part test set out by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783 (1966).  "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Conley, 245 F.3d at 1295 (quoting Rachel, 384 U.S. at 792, 86 S.Ct. at 1790)).  "Second the petitioner must show that he has been denied or cannot enforce that right in the state courts."  Id.

Garcia-Lawson contends that the district court had removal jurisdiction under § 1443(1) over this divorce action because Florida's marriage laws violate her federal civil rights under the First, Fifth, Seventh, Ninth, and Fourteenth Amendments.  The Supreme Court has explained that rights of "general application available to all persons or citizens" fall outside the scope of § 1443(1).  Rachel, 384 U.S. at 1790, 86 S.Ct. at 792; see also Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."); Conley, 245 F.3d at 1295–96.  Removal is only authorized under § 1443(1) when the defendant is asserting rights "stated in terms of racial

3

equality." <u>Rachel</u>, 384 U.S. at 792, 86 S.Ct. at 1790. None of the rights relied upon by Garcia-Lawson satisfy that criteria. <u>See</u> <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 825, 86 S.Ct. 1800, 1811 (1966) (explaining that "the broad constitutional guarantees of the First Amendment" are not included within § 1443(1)); <u>Conley</u>, 245 F.3d at 1295–96 (concluding that defendant's reliance "upon broad assertions under the Equal Protection Clause" was insufficient to support a valid claim for removal under § 1443(1)); <u>Sunflower Cnty. Colored Baptist Ass'n v. Trustees of Indianola Mun. Separate Sch. Dist.</u>, 369 F.2d 795, 796 (5th Cir. 1966)[1] (stating that the "right to a fair trial and equal protection of the laws" does not support a valid claim for removal under § 1443(1)). For these reasons, the district court did not err by remanding Garcia-Lawson's case for lack of removal jurisdiction under § 1443(1).

**AFFIRMED.**

---

[1]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.