[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 27, 2011
JOHN LEY
CLERK

_____

No. 10-10485
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cv-80019-KAM

CHARLOTTE TAYLOR,

Plaintiff-Appellant,

versus

MICHAEL M. PHILLIPS,
City of Lake Worth, Cross Appellant/Counter/Cross-Defendants,
GREENPOINT MORTGAGE, CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 27, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Charlotte Taylor appeals <u>pro se</u> the district court's order remanding a quiet

title proceeding she brought in state court after she attempted to remove the case to federal court.[1] She argues that the case was properly removed under 28 U.S.C. § 1443 because it was removed to enforce equal civil rights. After careful review of the record and the parties' briefs, we affirm.

We review de novo a district court's removal jurisdiction. Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 (11th Cir. 2001). As a general rule, however, we cannot review a district court's decision remanding a case to state court. Hernandez v. Seminole Cnty., Fla., 334 F.3d 1233, 1235–36 (11th Cir. 2003); 28 U.S.C. § 1447(d). This rule, codified in § 1447(d), applies when the district court concludes that it "lack[s] removal jurisdiction under § 1441 [because] the case is not one over which the court has original jurisdiction." Cogdell v. Wyeth, 366 F.3d 1245, 1248 (11th Cir. 2004). But § 1447(d) expressly permits appellate review of an order remanding a case to state court if the case was removed pursuant to 28 U.S.C. § 1443. Thus, where an appellant challenges a district court's order remanding a case that was removed pursuant to § 1443, we must determine whether the district court properly remanded the proceeding based on an implicit finding that removal jurisdiction under § 1443 does not exist. See

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Alabama v. Conley, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001).

In this case, we previously dismissed Taylor's appeal for lack of jurisdiction, pursuant to § 1447(d), but upon Taylor's motion for reconsideration, we reinstated the appeal "for the limited purpose of reviewing the district court's remand of an action removed to federal court pursuant to . . . § 1443." Accordingly, we now address the only remaining issue in this appeal: Whether the district court erred in implicitly finding that the action was not properly removed to federal court pursuant to § 1443.

Under § 1443, a defendant may remove an action if it is brought:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

A removal petition filed pursuant to § 1443(1) must satisfy the two-prong test developed in Georgia v. Rachel, 384 U.S. 780, 792, 794, 86 S. Ct. 1783, 1790–91 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Conley, 245 F.3d at 1295 (quotation marks omitted).

3

This "does not include rights of general application available to all persons or citizens." Id. (quotation marks omitted). We have also explained that "broad assertions under the Equal Protection Clause . . . are insufficient to support a valid claim for removal under § 1443(1)." Id. at 1295–96. "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." Id. at 1295. This provision normally requires that the denial be "manifest in a formal expression of the state law." Id. at 1296 (quotation marks omitted). Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal. Id. at 1298–99.

Taylor failed to satisfy the first prong of the Rachel test. See id. at 1295. In essence, Taylor argues that the case is removable under § 1443 because the City of Lake Worth violated her due process and equal protection rights by intervening without notice in her quiet title action well after final judgment in her favor and after the statute of limitations had expired. In both her Notice of Removal and Amended Notice of Removal, Taylor alleged that the City's enforcement of its regulations constituted a taking without just compensation in violation of the Fifth and Fourteenth Amendments, and that

> [t]he City of Lake Worth's practices of not having its claim reduced to judgment, not having first commenced a separate action at law for collections of the claim and asserting a claim after it is barred by the

4

statute of limitations are a violation of the Due Process Clause and Equal Protection Clause of the Constitution of the United States, as well as the balance of the other parts of the Constitution of the United States and its Amendments.

Thus, Taylor relies on "rights of general application available to all persons or citizens" and makes "broad assertions under the Equal Protection Clause," both of which we have found "insufficient to support a valid claim for removal under § 1443(1)." Id. at 1295–96 (quotation marks omitted). Because Taylor has not shown that she relied upon a right that arose under a federal law providing for specific civil rights stated in terms of racial equality, we conclude that this case was not properly removable under § 1443(1).[2]

We also conclude that the action was not properly removable to federal district court under § 1443(2), which provides removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The first clause under § 1443(2), dealing with "any act under color of authority," confers

----

[2] In her reply brief, Taylor asserts for the first time that she relies upon 42 U.S.C. § 1981 and 42 U.S.C. § 1985. Aside from her statement that these statutes protect her right to "make and enforce[] contracts," Taylor does not explain how her claims fall within § 1981 and § 1985. We recognize that § 1981 does satisfy the first prong of the Rachel test, and we have previously assumed without deciding that § 1985 may as well. See Conley, 245 F.3d at 1296. However, "we do not address arguments raised for the first time in a pro se litigant's reply brief." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Thus, we do not consider Taylor's belated and conclusory assertions that her claims fall within § 1981 and § 1985.

the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824, 86 S. Ct. 1800, 1810 (1966). The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers. Id. at 824, 86 S. Ct. at 1810 n.22. Taylor has not shown that she is a state or federal officer, or working for one. We therefore conclude that Taylor did not properly remove the case under § 1443.[3]

Accordingly, we affirm.

**AFFIRMED.**

---

[3] We also reject Taylor's argument that the defendants waived their right to seek remand. Although non-jurisdictional challenges to removal can be waived, such as through the failure to file a timely motion to remand, see Wilson v. Gen. Motors Corp., 888 F.2d 779, 781 n.1 (11th Cir. 1989), the district court may—and, indeed, must—remand a removed case sua sponte "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); see Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009); see also Burr & Forman v. Blair, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006) ("[F]ederal courts are duty bound to consider their subject matter jurisdiction sua sponte."). Here, the district court's sua sponte remand was plainly for lack of subject matter jurisdiction, pursuant to § 1447(c), and therefore "the concepts of equity, waiver, and estoppel are inapplicable," because "[t]he subject matter jurisdiction of federal courts is limited by the Constitution and the Congress, and cannot be expanded by judicial interpretation or by the acts or consent of the parties to a case." In re Carter, 618 F.2d 1093, 1100 (5th Cir. 1980); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981).