[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

No. 11-12857
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01499-RLV

U.S. BANK, NA,
as Trustee for BS ABS 2006-ISAOA,

                                                        Plaintiff-Appellee,

versus

JOHN PAUL OTAYEK,
And All Others,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 16, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

    In April 2011, U.S. Bank, N.A., as Trustee, purchased a piece of property in

Gwinnett County, Georgia, at a foreclosure sale and thereafter filed a dispossessory warrant against John Paul Otayek (and others) in the Gwinnett County Magistrate Court to obtain possession of the property. Otayek responded, claiming an interest in the property and counterclaiming against the Bank. After the Magistrate Court set the case for a hearing, Otayek removed the action to the United States District Court for the Northern District of Georgia, asserting that that court had jurisdiction under 28 U.S.C. §§ 1441 and 1443.

The Bank moved the court to remand the case to the Magistrate Court, and the district court granted its motion and remanded the case. Otayek appeals the ruling.

Otayek argues that the district court had jurisdiction under § 1443 because Georgia's law governing foreclosures and dispossessory actions violates his civil rights. In doing so, he challenges our precedents holding that § 1443 pertains only to the "equal civil rights" relating to racial equality. He urges us to consider the plain language of the statute and overturn those precedents.[1]

We review de novo whether a district court had federal subject matter jurisdiction following removal. *Castleberry v. Goldome Credit Corp.*, 408 F.3d

---

[1] In his reply brief, Otayek argues that the Bank has not registered with Georgia's Secretary of State and argues that, as a result, he cannot file a civil action against the Bank in Georgia's courts. We deem the argument abandoned since he did not raise it in his opening brief. *Al-Amin v. Smith*, 511 F.3d 1317, 1336 n.38 (11th Cir. 2008).

773, 780–81 (11th Cir. 2005). Remands based on grounds specified in 28 U.S.C. § 1447(c) are insulated from appellate review under 28 U.S.C. § 1447(d). *Hernandez v. Seminole* C'nty., 334 F.3d 1233, 1236 (11th Cir. 2003). To the extent that a district court bases its remand order on 28 U.S.C. §§ 1447(d) and 1443, however, we have jurisdiction to review that order. 28 U.S.C. § 1447(d); *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1, 1295 (11th Cir. 2001).

Under § 1443, a defendant may remove a case initiated in state court if he is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The removal petition must show: (1) "that the right upon which [he] relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality'" and (2) that he has been denied or cannot enforce that right in the state courts." *Conley*, 245 F.3d at 1295 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 1790, 16 L.Ed.2d 925 (1966)). The district court lacked removal jurisdiction under § 1443 because this action does not arise under a federal law protecting civil rights stated in terms of racial equality; moreover, Otayek can enforce his rights in state court. *Rachel*, 384 U.S. at 792, 794, 86 S. Ct. at 1790–91.

AFFIRMED.

3