[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13650
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-00767-CEH-DAB

WACHOVIA MORTGAGE FSB,
f.k.a. World Savings Bank, FSB,

Plaintiff-Appellee,

versus

KELLY K. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 25, 2013)

Before MARCUS, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

Kelly Brown, appearing pro se, appeals the district court's order remanding a foreclosure proceeding brought against her in a Florida circuit court. She argues on appeal that the district court erred in determining that it lacked subject-matter jurisdiction under either 28 U.S.C. § 1441 or 28 U.S.C. § 1443 and in finding that her notice of removal was untimely.

We have no jurisdiction to review the district court's remand order based upon lack of subject-matter jurisdiction under 28 U.S.C. § 1441. *Hernandez v. Seminole Cnty., Fla.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (discussing the grounds upon which a remand order must be based to be insulated from review). To the extent Brown seeks review of this decision, we dismiss the appeal.

To the extent that the district court determined that § 1443 provided no basis for removal, we affirm based upon the district court's well-reasoned holding. (*See* R.13 at 5.) We need not address any other issues Brown raises.

DISMISSED IN PART AND AFFIRMED IN PART.

2