# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1556

_____

Michael Vincent,                  *
                                        *
             Appellee,           *
                                          *    Appeal from the United States
      v.                          *    District Court for the
                                          *    District of South Dakota.
Dakota, Minnesota & Eastern     *
Railroad Corporation,          *
                                          *
           Appellant.         *

_____

Submitted: October 20, 1999

Filed: January 21, 2000

_____

Before MCMILLIAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

HEANEY, Circuit Judge.

      Plaintiff, Michael Vincent (Vincent), an employee of Dakota, Minnesota & Eastern Railroad Corporation (DM&E), filed suit against DM&E in South Dakota state court seeking damages for breach of contract and promissory estoppel arising from the terms of his employment. DM&E removed the action to the district court, contending that federal jurisdiction existed under 28 U.S.C. § 1441(b) (1999), because Vincent's claims were governed by the Railway Labor Act (RLA), 45 U.S.C. §§ 151-188 (1999).

Vincent filed a timely motion to remand his case to state court, claiming that the district court lacked subject matter jurisdiction. The district court granted Vincent's motion and this appeal followed. Because we lack jurisdiction to review this decision, we dismiss this appeal pursuant to 28 U.S.C. § 1447(d).

Congress has placed significant restrictions on the power of appellate courts to review district court orders remanding cases to state court. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). If a district court's remand order is based on a lack of subject matter jurisdiction under 28 U.S.C. §1447(c), "a court of appeals lacks jurisdiction to entertain an appeal of the remand order." Id. at 127-28. Thus, when remand is based on a lack of subject matter jurisdiction, the order must stand "whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron Prod., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976); see also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir. 1997).

Although the district court's order does not specifically cite §1447(c) as its basis for remand, this fact is not dispositive. We are required to determine by independent review the actual grounds for the district court's remand order. See Transit Cas. Co., 119 F.3d at 624 (citing Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450 (4th Cir. 1996)). We are convinced after reading the district court's remand order and supporting memorandum that its decision was based upon a lack of subject matter jurisdiction. See Vincent v. Dakota, Minn. & E. R.R. Corp., No. Civ. 98-4183 (D.S.D. Jan. 29, 1999) (Remand Order). The district court recognized that the sole jurisdictional issue before it was whether the RLA "confers federal [subject matter] jurisdiction over Vincent's state law claims." (Remand Order at 1.) It further recognized that if the RLA did not preempt Vincent's claims, no subject matter jurisdiction would exist, and therefore remand would be required. (See id. at 6.) Because the only basis for remand discussed by the district court was whether it had subject matter jurisdiction over Vincent's claim, it is clear that its remand order was based on § 1447(c). See 28

U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

DM&E concedes that "the District Court's remand order indicated the District Court had no subject matter jurisdiction." (Appellant's Reply Br. at 6.) Despite the well-settled law against appellate review of § 1447(c) remand orders, DM&E requests review, contending that the district court's order effectively settled the substantive issue of preemption, barring its use of preemption as a defense in state court. We disagree. We repeat our statement in Transit Cas. Co. that "because the district court remanded for a lack of subject matter jurisdiction, it lacked jurisdiction to make any substantive rulings, and, thus, 'no rulings of the federal court have any preclusive effect on the substantive matters before the state court.'" 119 F.3d at 624 (quoting Whitman v. Raley's Inc., 886 F.2d 1177, 1182 (9th Cir. 1989)); accord Caterpillar Inc. v. Williams, 482 U.S. 386, 399 n.13 (1987) (declining to consider merits of defendant's preemption arguments where case was remanded for lack of federal jurisdiction).

DM&E directs us to In re Life Insurance Co. of North America, 857 F.2d 1190 (8th Cir. 1988) (LINA), as support for its proposition that the district court's findings will be treated as res judicata with regard to substantive issues in state court. It is true that when a district court's findings incident to its remand order are treated as substantive rulings, they have a preclusive effect. See LINA, 857 F.2d at 1193. If that were the case here, we would be free to review the district court's decision. See id. However, that is not the case. We have addressed this issue before:

> Several circuits have read [LINA] as holding that a district court's findings incident to an order of remand have a preclusive effect on the state court, and they have explicitly rejected that holding. Those courts have failed to recognize, however, that the district court in [LINA] did not issue its remand order pursuant to 28 U.S.C. § 1447(c), but rather exercised its discretionary power to remand a pendent state law claim after all federal claims had been eliminated. Because the district court had pendent

-3-

jurisdiction over the remanded state law claim, its adjudication of the preemption issue [of that claim] was binding on all other courts, subject only to the appellate process.

Transit Cas. Co., 119 F.3d at 624 n.10 (citations omitted). Because the remand in this case was issued pursuant to §1447(c), LINA is inapposite and provides us no authority to review the district court's remand order.

For the above stated reasons, DM&E's appeal is dismissed pursuant to 28 U.S.C.§ 1447(d).

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-