# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1455

_____

| | | |
|---|---|---|
| Rita Lindsey, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Dillard's, Inc., | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted:  September 9, 2002

Filed:  October 7, 2002 (corrected 10/15/02)

_____

Before HANSEN, Chief Judge, LAY and MURPHY, Circuit Judges.

_____

LAY, Circuit Judge.

## I.

The substantive facts of this case are not in dispute on appeal.  The Plaintiff, Rita Lindsey, worked for Dillard's, Inc. (Dillard's) as a cosmetics associate.  Lindsey alleges that while working for Dillard's she was sexually harassed by a male homosexual co-worker who made comments about men and male homosexual

activity. The co-worker did not make any comments about Lindsey or about women in general.

Shortly after filing a charge of discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights, Lindsey was injured on the job. After receiving no response to repeated requests for information regarding her leave, Dillard's terminated Lindsey's employment in September 2000. The next month, Lindsey filed a sexual harassment claim against Dillard's in Missouri state court.

On November 29, 2001, after initial discovery and a motion for summary judgment filed by Dillard's, Lindsey filed an amended petition, alleging for the first time a claim of retaliatory discharge and violation of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12101 et. seq. Based on the federal claim under the ADA, Dillard's removed the case to the United States District Court for the Western District of Missouri.[1] The removal was effected on December 7, 2001. Thereafter, Lindsey filed a Motion for Leave to file an Amended Complaint and to voluntarily dismiss the ADA claim. In addition, she filed an amended motion to remand, which asserted that once the ADA claim was dismissed, the case should be remanded for lack of subject matter jurisdiction. The district court dismissed Lindsey's ADA claim without prejudice, and found that the court lacked subject matter jurisdiction. On this basis, the court remanded the case pursuant to 28 U.S.C. § 1447(c).

Dillard's appealed from the district court's remand order, asserting that the district court should not have remanded the remaining state court claims because of the separate existence of diversity jurisdiction under 28 U.S.C. § 1332.

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

II.

Congress has limited an appellate court's power to review district court remand orders. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Under 28 U.S.C. § 1447(d), which governs the review of remand orders, orders made pursuant to one of the bases set forth in 28 U.S.C. § 1447(c) are not reviewable on appeal.[2]

Section 1447(d) provides in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). Under this rule, if a district court's order is based upon a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), the order "must stand 'whether erroneous or not and whether review is sought by appeal or by extraordinary writ.'" Vincent v. Dakota, Minnesota & Eastern R.R., 200 F.3d 580, 581 (8th Cir. 2000) (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976)).

The district court in the instant case cited 28 U.S.C. § 1447(c)—lack of subject matter jurisdiction—as its basis for remand. Such a statement by the district court, while influential to our analysis, is not dispositive. See Vincent, 200 F.3d at 581. This court reviews a lower court's reasoning for remand independently and determines from the record the district court's basis for remand. See id. ("We are required to determine by independent review the actual grounds for the district court's

---

[2]28 U.S.C. § 1447(c) reads in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.

remand order."); see also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623-24 (8th Cir. 1997) (citing Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450 (4th Cir. 1996)).

Lindsey's claims were removed to federal court based upon federal question jurisdiction under allegations of an ADA claim. Under 28 U.S.C. § 1367(a), the pendent state claims in Lindsey's amended petition were closely enough related to the ADA claim that they formed part of the same case or controversy. As such, the district court had supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 and they were removed pursuant to 28 U.S.C. § 1441(c).

Under 28 U.S.C. § 1367, a district court may decline jurisdiction over supplemental claims if it "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Decisions of this court have found that remand orders made under § 1367(c) are reviewable. Green v. Ameritrade, Inc., 279 F.3d 590, 595 (8th Cir. 2002) (citing Things Remembered, 516 U.S. at 127); St. John v. Int'l Ass'n of Machinists & Aerospace Workers, 139 F.3d 1214, 1216-17 (8th Cir. 1998). These cases have noted that such a remand falls outside the bounds of §§ 1447(c) and (d). A district court that remands supplemental claims is not remanding them for lack of subject matter jurisdiction—a basis that would place the remand beyond review under §§ 1447(c) and (d). Under §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court.[3] See Carnegie-Mellon Univ. v. Cohill, 484

_____

[3] 28 U.S.C. § 1367(c) reads in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."

28 U.S.C. § 1441(c) reads in full:

U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

It is apparent to this court that although the district court's remand order relies upon § 1447(c) as the basis for its remand, its action was in essence remand of supplemental state claims under § 1367(c) or alternatively § 1441(c). Because the state claims were properly in federal court as supplemental to the federal claim, subject matter jurisdiction was not lacking over them. The court does have jurisdiction to entertain the supplemental claims, and normally the court may decline to exercise its jurisdiction, which will result in a dismissal without prejudice. However, when the district court orders a remand to the state court over such claims, such a remand order "puts the litigants . . . 'effectively out of court' and is therefore a final order appealable under 28 U.S.C. § 1291." St. John, 139 F.3d at 1217.

III.

Dillard's argues that the district court did not have the power to remand the state claims because diversity jurisdiction under 28 U.S.C. § 1332 provided a separate mandatory basis for jurisdiction which required that the case remain in federal court. The pleadings do appear to be sufficient to allege diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The parties are from diverse states (Lindsey is a resident of Missouri, and Dillard's is a Delaware corporation with its principal place of business

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

in Arkansas); Lindsey's complaint appears to meet the amount in controversy requirement being in excess of $75,000.[4]

With diversity jurisdiction now alleged, the question before us is whether a district court judge erred in remanding the state claims between diverse parties once federal question jurisdiction no longer existed.

Section 1446(b) limits removal of diversity jurisdiction cases by requiring that removal motions be filed within thirty days of when diversity jurisdiction is established. Additionally, parties must remove all diversity cases to federal court within one year of the commencement of the action. Failure of a party to remove within the one year limit precludes any further removal based on diversity. See 28 U.S.C. § 1446(b).

The instant case was removed based on federal question jurisdiction under 28 U.S.C. § 1331. However, the case was not removed until December 7, 2001—more than thirteen months after the commencement of the case on October 12, 2000. Dillard's now requests that we grant jurisdiction based on diversity of citizenship. However, the time for assertion of diversity jurisdiction is long past. Dillard's had thirty days from the establishment of the prerequisites of complete

_____

[4]Lindsey's amended complaint requests damages for two different counts each "in excess of $25,000." Under Missouri law, a complaint cannot specify damages other than to indicate a threshold for jurisdiction. Lindsey's complaint does this by requesting damages "in excess" of the $25,000 jurisdictional requirement for circuit court. Her complaint also requests punitive damages and attorney's fees. The damages amount requested, not including punitive damages and attorney's fees, totals "in excess" of $50,000. If the ADA claim were reinstated, this count would constitute an additional claim. This aggregate amount viewed in conjunction with a demand letter from Plaintiff's counsel dated February 8, 2001, which offered to settle for $125,000, demonstrates that when viewed liberally, this case meets the amount in controversy requirement.

diversity jurisdiction to remove this case. That removal had to be done within one year from the commencement of the case on October 12, 2000. This was not done. As such, we conclude that Dillard's is barred from asserting diversity jurisdiction as a basis for remaining in federal court. It is true that diversity jurisdiction now exists in this matter. However, such jurisdiction was in essence no longer "original" or "mandatory" because the Appellant's right to assert diversity jurisdiction had been waived by a failure to file within the time limitations of § 1446(b).

Dillard's asserts that at the time of its Notice of Removal, diversity jurisdiction was not available to it based on the original petition. Dillard's claims that, although the parties were diverse, the amount in controversy was not met until the February 2001 demand letter from Lindsey's counsel. February 2001 is within the one year statute of limitations. As such, under the very broadest view of § 1446(b), Dillard's had thirty days from the point diversity jurisdiction was established (in Dillard's mind, at the point it received the demand letter establishing amount in controversy) to file for removal. Dillard's did not remove at this point. Furthermore, Dillard's removal notice on December 7, 2001, made no mention of diversity jurisdiction and only based removal on 28 U.S.C. § 1331. Dillard's first assertion of diversity jurisdiction came in its motion opposing remand, which was well beyond the thirty days and one year time period as set forth in the statute of limitations under § 1446(b).

IV.

The only "original" jurisdiction in this case was that of federal question jurisdiction through removal from state court. There was, in fact, never original jurisdiction established through diversity of citizenship. The only subject matter jurisdiction the court was properly presented with in this case was under §§ 1331 and 1367. Upon dismissal of the federal claim, the district court did not err in remanding

the supplemental claims to the state court. The Plaintiff was barred under the time limitations of § 1446(b) to belatedly assert diversity jurisdiction.

The order of the district court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.