# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2559

_____

Green Tree Servicing, LLC,        *
       *
       Appellee,        *   Appeal from the United States
       *   District Court for the
v.        *   Eastern District of Arkansas.
       *
Larry Thomas; Rosie Lee Thomas,        *   [UNPUBLISHED]
       *
       Appellants.        *

_____

Submitted: March 10, 2010
Filed: March 15, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Larry and Rosie Lee Thomas, who removed this action originally brought against them in state court, appeal the order of the District Court[1] remanding the case to state court. On appeal, they argue that the District Court erred in concluding that their removal notice was untimely and in failing to rule on their pending motions. They have also filed a motion in this Court seeking a contempt order.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

We have jurisdiction to review the District Court's remand order only to the extent that the Thomases' removal was based upon 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d) (stating that an order remanding a case to state court is not reviewable on appeal unless the case was removed to federal court pursuant to § 1443). Exercising this limited jurisdiction, we affirm the District Court's remand order because removal under § 1443 was improper. See City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966) (holding that § 1443(2) allows removal only by "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights"); id. at 828 (holding that § 1443(1) permits removal only in "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law" that federal rights will be denied by "the very act of bringing the defendant to trial in the state court"); Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997) (holding that removal under § 1443(1) is proper only where a party shows reliance "upon a law providing for equal civil rights stated in terms of racial equality"; removal is proper if it can be "predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts"); see also Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (noting that appellate court may affirm on any basis supported by the record). We also hold that the District Court did not err in declining to rule on the Thomases' pending motions. See Vincent v. Dakota, Minn. & E. R.R. Corp., 200 F.3d 580, 582 (8th Cir. 2000) (noting that when a case is remanded to state court for lack of jurisdiction, the district court lacks jurisdiction to make any substantive rulings).

Accordingly, we affirm, and we deny the Thomases' pending motion.

_____