# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2020
_____

Arnold Crossroads, L.L.C.

*Plaintiff - Appellee*

City of Arnold, Missouri

*Interpleader plaintiff - Appellee*

v.

Gander Mountain Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2014
Filed: June 2, 2014

_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Arnold Crossroads, LLC brought this action against Gander Mountain Company (Gander) in Missouri state court alleging breach of a commercial lease. Since then Gander has initiated removal of the case to the United States District Court for the Eastern District of Missouri on three occasions. Each time the federal district court has remanded to the state court. Now before us is Gander's appeal from the order of the district court[1] remanding the misrepresentation claim of intervenor the City of Arnold which Gander removed on the eve of trial in state court. We dismiss the appeal for lack of jurisdiction.

## I.

Arnold Crossroads operates a commercial real estate business, and in 2005 it entered into a redevelopment agreement with the City of Arnold under a tax increment financing plan. In January 2008 Arnold Crossroads negotiated a 15 year lease with Gander for it to operate a store in a shopping center within the redevelopment area at a site formerly occupied by a K-Mart. Gander planned at that time to open a retail store there featuring outdoor equipment and gear.

Under the terms of Gander's lease with Arnold Crossroads it had a right to terminate, but the parties dispute the last date on which Gander would have been able to take that action. After Gander attempted to terminate the lease in January 2009, Arnold Crossroads sued on February 24 in the Circuit Court of Jefferson County, Missouri for breach of their lease. Arnold Crossroads' state complaint sought approximately $40,000 for one month of unpaid rent.

Gander, a citizen of Minnesota, attempted to remove the case to federal court on the basis of diversity. Arnold Crossroads, a citizen of Missouri, objected that the

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

amount in controversy was too low for federal jurisdiction, and the district court agreed since 28 U.S.C. 1332(a) requires at least $75,000 to be in controversy. United States District Judge Henry Edward Autrey remanded the action to state court for lack of subject matter jurisdiction on January 12, 2010.

Seventeen days after the remand order, Gander filed a new action against Arnold Crossroads in the federal district court. In it, Gander sought a declaratory judgment that it had validly terminated its lease with Arnold Crossroads and that it had no remaining obligations under it. On March 23, 2010, United States District Judge Donald J. Stohr dismissed the case on abstention grounds to avoid interference with the pending state case between the parties. Gander Mountain Co. v. Arnold Crossroads, L.L.C., 2010 WL 1170014, *3 (E.D. Mo. Mar. 23, 2010).

In October 2010 Arnold Crossroads amended its state complaint to include damages for unpaid rent over the entire 15 year term of its lease with Gander, claiming several million dollars. Gander once more attempted to remove the case to the federal district court in November 2010, and Judge Autrey again remanded it to state court, ruling that Gander's removal attempt was untimely under 28 U.S.C. § 1446 since it was seeking to remove an action which had originally been initiated by Arnold Crossroads in February 2009. Section 1446 provided at the time that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."[2]

---

[2]28 U.S.C. § 1446 was subsequently amended to bar removal of a case after it has been pending for 1 year "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." This amendment was not in effect at the time of the district court's ruling.

Subsequently on October 7, 2011, the City of Arnold moved under Missouri Supreme Court Rule 52.12(b)[3] to intervene in the state case which Arnold Crossroads had brought against Gander. The City's motion to intervene alleged that "the City of Arnold has been harmed by the misrepresentations of Defendant in connection with the same conduct set forth by Arnold Crossroads, L.L.C." The City alleged that Gander had falsely represented that it would occupy the Arnold Crossroads shopping center property and that the City had been harmed by expending funds for transportation infrastructure in the development district in reliance on Gander's misrepresentations. The state court granted the City's intervention motion on November 4, 2011. Pretrial discovery continued, and the City served discovery responses in February 2012 indicating that it was seeking $750,000 in damages from Gander.

In March 2012, at a point when trial in the state court was scheduled to begin in ten days, Gander filed its third notice of removal in the federal district court. Gander alleged that the complaint submitted by the City with its motion to intervene in the dispute with Arnold Crossroads had initiated a separate and independent civil action removable under 28 U.S.C. § 1441(a). Gander's notice of removal named only one other party in the state case it sought to remove, that being the City of Arnold. According to Gander, Arnold Crossroads lacked standing because it was not a party in the matter to be removed. The imminent state court trial was postponed, and both the City and Arnold Crossroads filed motions in the federal district court seeking remand to the state court.

The federal district court granted the two motions for remand, citing its own prior remand orders and stating that 28 U.S.C. § 1441(a) allows only entire cases to be removed to federal court. Gander again opposes remand, contending that we have

[3]Rule 52.12(b) provides for permissive intervention when an intervening party's claim "and the main action have a question of law or fact in common."

-4-

jurisdiction to review the remand order and that the federal district court erred in its interpretation of § 1441(a). The City and Arnold Crossroads seek to dismiss Gander's appeal for lack of jurisdiction, arguing that review of the district court's order is barred by 28 U.S.C. § 1447(d) and also adopting the court's conclusion that § 1441(a) allows removal only of entire cases, not of individual claims.

## II.

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). Gander argues that the district court erred when it concluded that the City's intervention in its dispute with Arnold Crossroads was not a separate "civil action" within the meaning of § 1441(a). According to Gander, the federal district court had subject matter jurisdiction over the City's misrepresentation claim because the parties were citizens of different states and the alleged damages satisfied the amount in controversy requirement under 28 U.S.C. § 1332(a); the district court therefore erred by remanding the City's claim to state court.

Our first consideration on review is whether we have appellate jurisdiction over Gander's appeal of the district court's remand order. With the exception of review of certain civil rights cases not applicable here, an order remanding a case to the state court from which it has been removed "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The meaning of § 1447(d) has been narrowed by the Supreme Court, which has made it explicit that "only remands based on grounds specified in § 1447(c) are immune to review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). The grounds specified in § 1447(c) provide that:

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

By including § 1447(d) in the judicial code, Congress attempted to "expedite the process of choosing a forum for litigation" in order to avoid lengthy proceedings over removal issues. Adkins v. Illinois Cent. R. Co., 326 F.3d 828, 832 (7th Cir. 2003). Congress has decided that in the ordinary case the federal district court should have the final word on removal since "at some point litigation over the choice of a courtroom must end." Id. This congressional judgment makes perfect sense for "[t]he only thing that is at stake is the forum that will hear a claim," and this issue is "not so fundamental that a second or third layer of judges must test its correctness." Id.

Our court has recognized that appellate jurisdiction is lacking over remand orders which are "based on a procedural defect or lack of subject matter jurisdiction." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). This jurisdictional bar applies to all § 1447(c) remand orders, even those that may have been erroneously decided. Roberts v. BJC Health System, 452 F.3d 737, 739 (8th Cir. 2006). In contrast, we do have appellate jurisdiction over remand orders not based on procedural defects or the lack of subject matter jurisdiction. Notable examples of such appellate jurisdiction have been discussed by the Supreme Court in Quakenbush v. Allstate Insurance Co., 517 U.S. 706, 711–712 (1996) (jurisdiction to review a remand order after a decision to abstain), and Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 344, 351–52 (1996) (jurisdiction to review remand based on a federal court's crowded docket). In contrast, we recognized that jurisdiction was lacking because Article III standing had not been shown in Roberts, 452 F.3d at 738–39, and that subject matter jurisdiction was lacking over state law claims that were not completely preempted in Carlson, 445 F.3d at 1050, 1054.

In such cases, "[w]e are required to determine by independent review the actual grounds for the district court's remand order." Vincent v. Dakota, Minnesota, & Eastern R.R. Corp., 200 F.3d 580, 581 (8th Cir. 2000). This requires the reviewing appellate court to make its own assessment of the actual basis for the remand since a district court's own citation of § 1447(c) is not dispositive of the question, even though it remains "influential to our analysis." Lindsey v. Dillard's, Inc., 306 F.3d 596, 598 (8th Cir. 2002). On examining whether we have jurisdiction to review a remand order under § 1447(c), "the scope of our review is limited to verifying that the actual basis for remand was lack of subject matter jurisdiction." Carlson, 445 F.3d at 1051.

## III.

At the outset of its analysis in this case, the district court cited the § 1447(c) requirement that cases be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The court then went on to interpret the "civil action" language in § 1441(a) to require that an entire case be removed, "not piecemeal claims for the parties to choose." In reaching this conclusion the district court relied on 28 U.S.C. § 1441(c), which allows "the entire action" to be removed if a claim within it provides federal question jurisdiction. Nonremovable claims are to be severed and remanded, as well as any claims not within the original or supplemental jurisdiction of the federal district court. Id. The district court pointed out that it was required to resolve any ambiguity in favor of state court jurisdiction, see In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and that removal jurisdiction must be narrowly construed in favor of the nonmoving party. Finally, the district court summarized that it was ordering remand "for these reasons, and for some of the same reasons offered in [its] previous remand orders in this matter."

After thoroughly examining the record, we conclude that the underlying basis for the district court's remand order now under review was its observation that Gander

was again attempting to remove part of a state case more than one year after it had been initiated. The district court explained that it was remanding "for some of the same reasons offered in [its] previous remand orders in this matter." Its two prior orders had both granted remands on § 1447(c) grounds. The first was based on a lack of subject matter jurisdiction, for at the time of that removal Arnold Crossroads had only sought recovery of about $40,000, an amount below the jurisdictional threshold in 28 U.S.C. 1332(a). See Carlson, 445 F.3d at 1054. The second remand grew out of Gander's tardy removal in November 2010 more than a year after the February 2009 commencement of that action in state court. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128 (1995) (holding untimely removal is "precisely the type of removal defect contemplated by § 1447(c).").

Gander's third removal now under review was initiated on March 16, 2012, ten days before the trial date set in state court. In this order the district court's language indicates that it perceived the same kind of procedural flaw as in Gander's previous removal attempts, for it remanded "for some of the same reasons offered in [its] previous remand orders in this matter." Gander has offered no other convincing explanation about the intended meaning of the court's reference to its previous remand orders. Judge Autrey viewed the removal as untimely as shown by his previous citation to 28 U.S.C. § 1446, a statute Congress added to limit the time for removal of a civil action to thirty days after notice of a claim for relief against the moving party. See 28 U.S.C. § 1446, Commentary on 1988 Revision.

Gander overlooks the district court's reference to its previous remand order in the matter now under review. Instead, Gander argues that the district court relied on § 1441(a)'s "civil action" provision to remand, and that a removing party's failure to meet that statute's requirements is a "statutory flaw" rather than a jurisdictional or procedural defect, citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). We disagree. After closely examining the proceedings in the district court and its written orders, we conclude that the basis for the remand now under review was untimely

removal, one of the bases the court had relied on in its prior remand orders. The district court's statement that § 1441(a) requires removal of an entire case was simply one comment made in its process of analysis leading to its ultimate conclusion that remand was required because Gander's attempted removal was untimely. The references in the court's order to § 1447(c), which bars remands for lack of subject matter jurisdiction or procedural flaws, and its own prior remand orders confirm this conclusion.

Gander contends that even if the district court did base its latest remand order on the § 1447(c) procedural flaw of untimely removal, we would still have jurisdiction because the City and Arnold Crossroads failed to raise a timeliness objection before the district court. According to Gander the motions for remand raised only the issue that a partial removal is not permitted. We disagree. While the City's motion for remand did argue that removal of less than the entire case was impermissible, the City also pointed out that the remainder of the case against Gander had been determined to be unremovable on two prior occasions. By stating that it was basing the decision now on appeal on its "previous remand orders in this matter," the district court endorsed arguments raised by the City in its timely filed motion to remand. We therefore need not address the sometimes vexing question of whether an appellate court has jurisdiction over a remand based on a procedural flaw not timely raised. Compare BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 471 (5th Cir. 2012) (declining jurisdiction where remand was based on § 1447(c) ground not raised in the timely filed motion for remand) with Mitskovski v. Buffalo & Fort Erie Public Bridge Authority, 435 F.3d 127, 131–32 (2nd Cir. 2006) (exercising jurisdiction where remand was based on § 1447(c) ground not raised in the timely filed motion for remand).

The City and Arnold Crossroads support the ruling by the district court by arguing that permitting removal from state to federal court of individual claims would transform a single efficient state court proceeding into burdensome parallel litigation,

and in its opposition Gander cites Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005). Exxon Mobil was a diversity class action case brought by gasoline dealers claiming they had been overcharged for fuel; they argued for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of class members not meeting the jurisdictional amount in controversy under 28 U.S.C. § 1332. Id. at 550. The Supreme Court's decision that so long as there was original jurisdiction over one class member, the district court could exercise supplemental jurisdiction over the other claims for overcharges, id. at 559, is inapposite here. In that case the Court had no reason to analyze the statutes which Congress has provided for removal jurisdiction on which the district court relied here, such as 28 U.S.C. § 1447(d)'s bar on review of remand orders based on a procedural flaw under § 1447(c), or § 1446's bar on untimely removals. Gander also cites an inapposite line of garnishment cases, a type of case recognized to be a "separate proceeding for removal purposes," Koehnen v. Herald Fire Insurance Co., 89 F.3d 525, 528 (8th Cir. 1996).

After thorough examination of the record, we conclude that the basic ground for the district court's remand order was that Gander's removal attempt was defective and that we thus lack jurisdiction over its appeal. See Carlson, 445 F.3d at 1050. We therefore need not address the separate argument that the district court erred by concluding that § 1441(a)'s "civil action" language allows only an entire case to be removed. Where, as here, "one of the § 1447(c) criteria served as the basis for the district court's remand order, § 1447(d) proscribes [review of] the correctness of the legal conclusions underlying that order." In re Atlas Van Lines, Inc. 209 F.3d 1064, 1067 (8th Cir. 2000).

While Gander continues to argue that its March 2012 removal of the City's suit was timely since the City had only intervened in November 2011, we lack jurisdiction to review the district court's remand order because its decision was based on the § 1447(c) procedural flaw of untimely removal. See Roberts, 452 F.3d at 739. Deciding otherwise would disregard the limits Congress set on removal jurisdiction

and treat them as "nothing at all, because appeals [would] be taken and sustained in those cases where the district court made a mistake, and rejected in cases where the district court was correct." Adkins, 326 F.3d at 834. Because the remand here was based on a procedural defect under § 1447(c), the district court was acting on a ground on which Congress gives it the final word on the issue of removal. See id. at 832.

IV.

In remanding Gander's third attempt to remove a dispute related to the Arnold shopping center development from state court, the district court relied on one of the same procedural flaws it had identified in its previous remand orders: untimely removal of a case from state court more than a year after the action had been commenced. 28 U.S.C. § 1446(c). We therefore lack jurisdiction over Gander's attempted appeal of the district court's remand order, for 28 U.S.C. § 1447(d) bars review of dismissals based on a § 1447(c) procedural defect. Gander's attempted appeal is thus dismissed.

SMITH, Circuit Judge, dissenting.

I respectfully dissent. I would reverse the district court's remand order. I believe the majority mischaracterizes the district court's remand order as focused on concerns of timeliness.

I. <i>Jurisdiction</i>

The majority avoids the primary issue presented here by concluding that we lack jurisdiction to review the district court's remand order dated April 26, 2013. *See* Majority Opinion, Part III, *supra*. The majority correctly explains that

> "[w]e are required to determine by independent review the actual grounds for the district court's remand order." *Vincent v. Dakota, Minnesota, & Eastern R.R. Corp.*, 200 F.3d 580, 581 (8th Cir. 2000). This requires the reviewing appellate court to make its own assessment

-11-

of the actual basis for the remand since a district court's own citation of § 1447(c) is not dispositive of the question, even though it remains "influential to our analysis." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 598 (8th Cir. 2002). On examining whether we have jurisdiction to review a remand order under § 1447(c), "the scope of our review is limited to verifying that the actual basis for remand was lack of subject matter jurisdiction." *Carlson*, 445 F.3d at 1051.

*See* Majority Opinion, Part II, *supra*. Based on an independent review of the actual grounds for the remand order here, the district court provided no discussion of the timeliness of Gander's removal; rather, it focused on whether Gander could remove something less than an entire case.

Rather than timeliness, I read the district court's order to focus on a defendant's ability to remove "less than the entire case." The district court's discussion of the "civil action" requirement would be unnecessary if the decision turned on Gander's lack of timeliness. The district court could have stated summarily that it ordered remand "for some of the same reasons offered in the Court's previous remand orders." I believe that the actual basis for the district court's remand order involved its interpretation of the "civil action" requirement. We should, therefore, resolve the proper issue on appeal—whether a "civil action" under the removal statutes consists of an entire case or something less. Because this issue does not involve "a procedural defect or lack of subject matter jurisdiction," it is a reviewable final decision under 28 U.S.C. § 1291. *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012).

## II. *Removal of Less than the Entire Case*

The primary issue is whether the City's fraud allegations against Gander constitute a separate "civil action" that Gander can remove to federal court. Unfortunately, few cases touch on whether an intervenor's separate claim against a defendant can be removed despite the lack of removability of the underlying claim. In resolving this issue, the district court stated:

-12-

Under § 1441(a), any "civil action" can be removed. Additionally, the most basic reading of § 1441(c) says that the *entire action* can be removed, not piecemeal claims for the parties to choose. Given the basic language of § 1441, a party is not permitted to remove less than the entire case. The Court recognizes that case law on this issue is not entirely clear. The Court must resolve all ambiguity in favor of jurisdiction in the state court. *Masepohl v. American Tobacco Company, Inc.*, 974 F. Supp. 1245, 1249 (D. Minn. 1997). Additionally, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941).

The district court supports its proposition that only an entire action may be removed by observing that "the most basic reading of § 1441(c)" requires that courts remove an entire action. However, § 1441[4] never defines a "civil action," nor does it

---

[4]Section 1441 provides:

(a) Generally.—Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Joinder of Federal law claims and State law claims.—(1) If a civil

-13-

state whether a defendant may remove something less than an entire case. Also, Gander sought removal on diversity-of-citizenship grounds under § 1441(b) rather than federal-question grounds under § 1441(c); therefore, the district court's reliance on § 1441(c) is misplaced. Further, even if we assume the district court properly chose to apply § 1441(c), that subsection never states that a defendant *must* remove an entire case; rather, § 1441(c) merely *authorizes* a defendant to remove an entire case despite the presence of accompanying state-law claims. Nowhere in subsection (c) does Congress unequivocally indicate an all-or-nothing removal scheme. Finally, other nearby removal statutes use the phrase "any case" rather than "any civil action," indicating a potential difference in meaning. *See, e.g.*, 28 U.S.C. § 1447(a).

---

action includes—

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441 (emphasis added).

Despite the paucity of authority, sound reasoning nonetheless favors concluding that a "civil action" may constitute something less than "an entire case." First, leading federal practice commentary has observed:

> There is, however, a sensible judge-made limitation—stemming from the civil action requirement—that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim. This restriction, which has been applied in numerous cases for over a century, is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court . . . .

> A few cases have drawn a distinction between supplemental proceedings that are a mere mode of execution or relief, inseparably connected with an original judgment or decree in a state court proceeding and therefore not removable, and *supplemental proceedings that involve an independent controversy with a new and different party*. The latter are removable.

14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (4th ed. 2014) (emphasis added) (footnotes omitted). Thus, Wright & Miller suggest that a defendant may remove a supplemental proceeding involving an independent controversy with a new party. This is precisely the situation between Gander and the City. The City, a new and different party, asserts a new and independent claim—fraud. According to Wright & Miller's test, therefore, the district court should have allowed Gander to remove the City's claims.

Second, courts have consistently determined that defendants may remove certain classes of cases despite the underlying action taking place in state court. For example, the Seventh Circuit in *Travelers Property Casualty v. Good* recognized that defendants may remove only independent suits and not ancillary proceedings so as to avoid the waste of having federal courts entertain "satellite elements" of ongoing state suits. 689 F.3d 714, 724 (7th Cir. 2012) (quotation and citation omitted). The

*Travelers* court further noted that "[w]hether a particular state judicial procedure qualifies as a separate action is not an all-or-nothing proposition. It depends on the context of each case in which it arises." *Id.* (citation omitted). The *Travelers* court then concluded that courts overwhelmingly treat garnishment actions involving "genuine disputes with new parties and raise new issues of fact and law" as independent and removable actions. *Id.* at 725 (citation omitted). This is because garnishment proceedings are not "substantially a continuation of a prior suit" such that "[j]udicial economy concerns about 'satellite' issues no longer apply." *Id.* (citation omitted).

Furthermore, in *GE Betz, Inc. v. Zee Co., Inc.*, the Seventh Circuit noted that § 1441(a) allows removal of independent suits but not ancillary or supplementary proceedings. 718 F.3d 615, 622–23 (7th Cir. 2013). The original case focused on covenants not to compete and trade practices whereas the case sought to be removed involved lien priorities. *Id.* Thus, the action was removable because there was a new and different party and an independent controversy despite ongoing proceedings of the original case in state court. *Id.* (involving an underlying suit pending appeal in state court). Furthermore, the Eleventh Circuit has defined independent civil actions subject to removal as those that are "in effect suits involving a new party litigating the existence of a new liability." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) (quotation and citation omitted).

We recognized long ago that garnishment actions were removable apart from the original case. In *Stoll v. Hawkeye Casualty Co. of Des Moines, Iowa*, we quoted former Chief Justice John Marshall's definition of "suit":

> "The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit."

-16-

185 F.2d 96, 98 (8th Cir. 1950) (quoting *Weston v. City of Charleston*, 27 U.S. (2 Pet.) 449, 464 (1829)). We then held that the district court acquired jurisdiction to the garnishment proceeding such that removal was proper. *Id.* at 99. We reaffirmed *Stoll* eight years later by noting that the garnishment proceeding was properly removed as a separate "civil action." *Randolph v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 260 F.2d 461, 464–65 (8th Cir. 1958). These cases demonstrate that this court does not always require a defendant to remove an "entire case."

On appeal, the City and Arnold Crossroads contend that the garnishment exception to an all-or-nothing removal requirement does not apply here because garnishment actions require resolution and judgment of the original case before the garnishment action may be filed. The majority opinion states that the garnishment cases are "inapposite" because they are a "'separate proceeding for removal purposes.'" *See* Majority Opinion, Part III, *supra* (quoting *Koehnen*, 89 F.3d at 528).

Both the appellees and the majority are incorrect. Although resolution of the underlying action may occur before commencement of the garnishment action, courts have removed portions of cases despite the pendency of the original action in state courts. *See, e.g.*, *GE Betz, Inc.*, 718 F.3d at 622–23. Additionally, as Wright & Miller states, the test should not be whether proceedings would occur simultaneously in both court systems; rather, the test should be whether the new controversy involves new parties with independent claims. Wright & Miller, *supra*, at § 3721. While satellite proceedings are a concern, the differences in the parties and the independence of the asserted claims avoid conflicting state and federal judgments.

Furthermore, the federal removal statutes contemplate that a claim may be removed while other claims remain before the state court. For example, in 28 U.S.C. § 1441(c), Congress anticipated the scenario where a defendant removes a case to federal court that includes both federal-law and state-law claims. In this situation,

§ 1441(c) allows the defendant to remove the entire case to federal court, but the federal court must sever the state-law claims that do not bestow original jurisdiction on the federal courts and remand these claims to state court. Thus, in this scenario, a federal court hears the federal-law claims, and the state court hears the state-law claims. Consequently, the removal statutes explicitly contemplate the severance of claims between the federal and state courts such that a defendant is not subject to an all-or-nothing removal requirement.

The third reason why Gander correctly asserts the removability of less than an entire case is that federal law, not state law, determines whether federal courts have removal jurisdiction. We have noted that "[t]he question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law." *Stoll*, 185 F.2d at 99 (citations omitted). This makes sense because, "[l]ike the diversity of citizenship and alienage jurisdiction of the federal courts, the original right to remove probably was designed to protect nonresidents from the local prejudices of state courts." Wright & Miller, *supra*, at § 3721. If "civil actions" consist of only entire cases, then state court litigants could avoid removal jurisdiction by grouping what could be entirely separate cases together in a manner that prohibits removal. The City's intervention in an existing, non-removable state case here is just such an example. Thus, removability of a claim should not turn on state joinder rules and their employment; rather, removability should turn on a federal courts' determination whether the claim to be removed involves a new party who asserts an independent claim.

Fourth, courts have traditionally defined the meaning of "any civil action" in 28 U.S.C. § 1441(a) broadly. *Jackson-Platts*, 727 F.3d at 1134. A court's construction of "any civil action" that allows for less than an entire case to be removed comports better with this broad construction than the appellees' more limited reading.

Finally, the Supreme Court, in a case involving a different statute, has recently given credence to the notion that "any civil action" can, on occasion, mean less than the entire case. In *Exxon Mobil Corp. v. Allapattah Services, Inc.*, the Court held that, where at least one plaintiff satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes courts to exercise supplemental jurisdiction over claims that other plaintiffs assert in the same case that do not meet the amount-in-controversy requirement, provided that the additional claims are part of the same case or controversy. 545 U.S. 546, 549 (2005). While *Exxon Mobil*[5] is not on point to the present problem, the Court supported its holding by analogizing to removal cases, stating that § 1441(a) "bears a striking similarity to the relevant portion of § 1367, authoriz[ing] removal of 'any civil action . . . of which the district courts of the United States have original jurisdiction . . . .'" *Id.* at 563 (quoting 28 U.S.C. § 1441(a)). Importantly, the Court also acknowledged that "[i]f the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction

---

[5]In dicta, the majority opinion criticizes the Supreme Court's alleged dicta in *Allapattah*, stating:

> *Exxon Mobil* was a diversity class action case brought by gasoline dealers claiming they had been overcharged for fuel; they argued for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of class members not meeting the jurisdictional amount in controversy under 28 U.S.C. § 1332. *Id.* at 550. The Supreme Court's decision that so long as there was original jurisdiction over one class member, the district court could exercise supplemental jurisdiction over the other claims for overcharges, *id.* at 559, is inapposite here. In that case the Court had no reason to analyze the statutes which Congress has provided for removal jurisdiction on which the district court relied here, such as 28 U.S.C. § 1447(d)'s bar on review of remand orders based on a procedural flaw under § 1447(c), or § 1446's bar on untimely removals.

*See* Majority Opinion, Part III, *supra*.

comprises fewer claims than were included in the complaint." *Id.* at 559. Thus, the Court in *Exxon Mobil* acknowledged in the supplemental-jurisdiction context that a "civil action" can refer to a subset of claims within a case and not simply an "entire case." *Id. Exxon Mobil* thus explicitly recognized the similarity between the analyses used for supplemental jurisdiction and for removal jurisdiction. The Court found their similarity so substantial that cases interpreting removal statutes may be used to interpret similar terms in the supplemental-jurisdiction statute. *Id.* at 563. In sum, the Court has at least implicitly recognized that a "civil action" in the removal context can consist of something less than the entire case.

## III. *Conclusion*

Based on the foregoing, I would reach the primary issue in this case and hold that Gander can remove the City's claim because that civil action involved a new party who asserted a new and original claim. Therefore, I respectfully dissent.

_____