SMITH, Circuit Judge,
dissenting.
I respectfully dissent. I would reverse the district court’s remand order. I believe the majority mischaracterizes the district court’s remand order as focused on concerns of timeliness.
I. Jurisdiction
The majority avoids the primary issue presented here by concluding that we lack jurisdiction to review the district court’s remand order dated April 26, 2013. See Majority Opinion, Part III, supra. The majority correctly explains that
“[w]e are required to determine by independent review the actual grounds for the district court’s remand order.” Vincent v. Dakota, Minnesota, & Eastern R.R. Corp., 200 F.3d 580, 581 (8th Cir. 2000). This requires the reviewing appellate court to make its own assessment of the actual basis for the remand since a district court’s own citation of § 1447(c) is not dispositive of the question, even though it remains “influential to our analysis.” Lindsey v. Dillard’s, Inc., 306 F.3d 596, 598 (8th Cir.2002). On examining whether we have jurisdiction to review a remand order under § 1447(c), “the scope of our review is limited to verifying that the actual basis for remand was lack of subject matter jurisdiction.” Carlson, 445 F.3d at 1051.
See Majority Opinion, Part II, supra. Based on an independent review of the actual grounds for the remand order here, the district court provided no discussion of the timeliness of Gander’s removal; rather, it focused on whether Gander could remove something less than an entire case.
Rather than timeliness, I read the district court’s order to focus on a defendant’s ability to remove “less than the entire case.” The district court’s discussion of the “civil action” requirement would be unnecessary if the decision turned on Gander’s lack of timeliness. The district court could have stated summarily that it ordered remand “for some of the same reasons offered in the Court’s previous remand orders.” I believe that the actual basis for the district court’s remand order involved its interpretation of the “civil action” requirement. We should, therefore, resolve the proper issue on appeal — whether a “civil action” under the removal statutes consists of an entire case or something less. Because this issue does not involve “a procedural defect or lack of subject matter jurisdiction,” it is a reviewable final decision under 28 U.S.C. § 1291. Jacks v. Meridian Res. Co., LLC, 701 F.3d 1224, 1229 (8th Cir.2012).
*943 II. Removal of Less than the Entire Case
The primary issue is whether the City’s fraud allegations against Gander constitute a separate “civil action” that Gander can remove to federal court. Unfortunately, few eases touch on whether an intervenor’s separate claim against a defendant can be removed despite the lack of removability of the underlying claim. In resolving this issue, the district court stated:
Under § 1441(a), any “civil action” can be removed. Additionally, the most basic reading of § 1441(c) says that the entire action can be removed, not piecemeal claims for the parties to choose. Given the basic language of § 1441, a party is not permitted to remove less than the entire case. The Court recognizes that case law on this issue is not entirely clear. The Court must resolve all ambiguity in favor of jurisdiction in the state court. Masepohl v. American Tobacco Company, Inc., 974 F.Supp. 1245, 1249 (D.Minn.1997). Additionally, removal jurisdiction must be narrowly construed in favor of the non-removing party. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 [61 S.Ct. 868, 85 L.Ed. 1214] (1941).
The district court supports its proposition that only an entire action may be removed by observing that “the most basic reading of § 1441(c)” requires that courts remove an entire action. However, § 1441[4] never defines a “civil action,” nor does it state whether a defendant may remove something less than an entire case. Also, Gander sought removal on diversity-of-citizenship grounds under § 1441(b) rather than federal-question grounds under § 1441(c); therefore, the district court’s reliance on § 1441(c) is misplaced. Further, even if we assume the district court properly chose to apply § 1441(c), that subsection never states that a defendant must remove an entire case; rather, § 1441(c) merely authorizes a defendant to remove an entire case despite the presence of accompanying state-law claims. Nowhere in subsection (c) does Congress unequivocally indicate an *944 all-or-nothing removal scheme. Finally, other nearby removal statutes use the phrase “any case” rather than “any civil action,” indicating a potential difference in meaning. See, e.g., 28 U.S.C. § 1447(a).
Despite the paucity of authority, sound reasoning nonetheless favors concluding that a “civil action” may constitute something less than “an entire case.” First, leading federal practice commentary has observed:
There is, however, a sensible judge-made limitation — stemming from the civil action requirement — that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim. This restriction, which has been applied in numerous cases for over a century, is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court....
A few cases have drawn a distinction between supplemental proceedings that are a mere mode of execution or relief, inseparably connected with an original judgment or decree in a state court proceeding and therefore not removable, and supplemental proceedings that involve an independent controversy with a new and different party. The latter are removable.
14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (4th ed.2014) (emphasis added) (footnotes omitted). Thus, Wright & Miller suggest that a defendant may remove a supplemental proceeding involving an independent controversy with a new party. This is precisely the situation between Gander and the City. The City, a new and different party, asserts a new and independent claim — fraud. According to Wright & Miller’s test, therefore, the district court should have allowed Gander to remove the City’s claims.
Second, courts have consistently determined that defendants may remove certain classes of eases despite the underlying action taking place in state court. For example, the Seventh Circuit in Travelers Property Casualty v. Good recognized that defendants may remove only independent suits and not ancillary proceedings so as to avoid the waste of having federal courts entertain “satellite elements” of ongoing state suits. 689 F.3d 714, 724 (7th Cir. 2012) (quotation and citation omitted). The Travelers court further noted that “[wjhether a particular state judicial procedure qualifies as a separate action is not an all-or-nothing proposition. It depends on the context of each case in which it arises.” Id. (citation omitted). The Travelers court then concluded that courts overwhelmingly treat garnishment actions involving “genuine disputes with new parties and raise new issues of fact and law” as independent and removable actions. Id. at 725 (citation omitted). This is because garnishment proceedings are not “substantially a continuation of a prior suit” such that “[jjudicial economy concerns about ‘satellite’ issues no longer apply.” Id. (citation omitted).
Furthermore, in GE Betz, Inc. v. Zee Co., Inc., the Seventh Circuit noted that § 1441(a) allows removal of independent suits but not ancillary or supplementary proceedings. 718 F.3d 615, 622-23 (7th Cir.2013). The original ease focused on covenants not to compete and trade practices whereas the case sought to be removed involved lien priorities. Id. Thus, the action was removable because there was a new and different party and an independent controversy despite ongoing proceedings of the original case in state court. Id. (involving an underlying suit pending appeal in state court). Furthermore, the Eleventh Circuit has defined independent civil actions subject to removal as those that are “in effect suits involv *945 ing a new party litigating the existence of a new liability.” Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1134 (11th Cir.2013) (quotation and citation omitted).
We recognized long ago that garnishment actions were removable apart from the original case. In Stoll v. Hawkeye Casualty Co. of Des Moines, Iowa, we quoted former Chief Justice John Marshall’s definition of “suit”:
“The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit.”
185 F.2d 96, 98 (8th Cir.1950) (quoting Weston v. City of Charleston, 27 U.S. (2 Pet.) 449, 464, 7 L.Ed. 481 (1829)). We then held that the district court acquired jurisdiction to the garnishment proceeding such that removal was proper. Id. at 99. We reaffirmed Stoll eight years later by noting that the garnishment proceeding was properly removed as a separate “civil action.” Randolph v. Emp’rs Mut. Liab. Ins. Co. of Wis., 260 F.2d 461, 464-65 (8th Cir.1958). These cases demonstrate that this court does not always require a defendant to remove an “entire case.”
On appeal, the City and Arnold Crossroads contend that the garnishment exception to an all-or-nothing removal requirement does not apply here because garnishment actions require resolution and judgment of the original case before the garnishment action may be filed. The majority opinion states that the garnishment cases are “inapposite” because they are a “ ‘separate proceeding for removal purposes.’ ” See Majority Opinion, Part III, supra (quoting Koehnen, 89 F.3d at 528).
Both the appellees and the majority are incorrect. Although resolution of the underlying action may occur before commencement of the garnishment action, courts have removed portions of cases despite the pendency of the original action in state courts. See, e.g., GE Betz, Inc., 718 F.3d at 622-23. Additionally, as Wright & Miller states, the test should not be whether proceedings would occur simultaneously in both court systems; rather, the test should be whether the new controversy involves new parties with independent claims. Wright & Miller, supra, at § 3721. While satellite proceedings are a concern, the differences in the parties and the independence of the asserted claims avoid conflicting state and federal judgments.
Furthermore, the federal removal statutes contemplate that a claim may be removed while other claims remain before the state court. For example, in 28 U.S.C. § 1441(c), Congress anticipated the scenario where a defendant removes a case to federal court that includes both federal-law and state-law claims. In this situation, § 1441(c) allows the defendant to remove the entire case to federal court, but the federal court must sever the state-law claims that do not bestow original jurisdiction on the federal courts and remand these claims to state court. Thus, in this scenario, a federal court hears the federal-law claims, and the state court hears the state-law claims. Consequently, the removal statutes explicitly contemplate the severance of claims between the federal and state courts such that a defendant is not subject to an all-or-nothing removal requirement.
The third reason why Gander correctly asserts the removability of less than an entire case is that federal law, not state law, determines whether federal courts *946 have removal jurisdiction. We have noted that “[t]he question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law.” Stoll, 185 F.2d at 99 (citations omitted). This makes sense because, “[l]ike the diversity of citizenship and alienage jurisdiction of the federal courts, the original right to remove probably was designed to protect nonresidents from the local prejudices of state courts.” Wright & Miller, supra, at § 3721. If “civil actions” consist of only entire cases, then state court litigants could avoid removal jurisdiction by grouping what could be entirely separate cases together in a manner that prohibits removal. The City’s intervention in an existing, nonremovable state case here is just such an example. Thus, removability of a claim should not turn on state joinder rules and their employment; rather, removability should turn on a federal courts’ determination whether the claim to be removed involves a new party who asserts an independent claim.
Fourth, courts have traditionally defined the meaning of “any civil action” in 28 U.S.C. § 1441(a) broadly. Jackson-Platts, 727 F.3d at 1134. A court’s construction of “any civil action” that allows for less than an entire case to be removed comports better with this broad construction than the appellees’ more limited reading.
Finally, the Supreme Court, in a case involving a different statute, has recently given credence to the notion that “any civil action” can, on occasion, mean less than the entire case. In Exxon Mobil Corp. v. Allapattah Services, Inc., the Court held that, where at least one plaintiff satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes courts to exercise supplemental jurisdiction over claims that other plaintiffs assert in the same case that do not meet the amount-in-controversy requirement, provided that the additional claims are part of the same case or controversy. 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). While Exxon Mobil[5] is not on point to the present problem, the Court supported its holding by analogizing to removal cases, stating that § 1441(a) “bears a striking similarity to the relevant portion of § 1367, authorizing] removal of ‘any civil action ... of which the district courts of the United States have original jurisdiction....’” Id. at 563, 125 S.Ct. 2611 (quoting 28 U.S.C. § 1441(a)). Importantly, the Court also acknowledged that “[i]f the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a ‘civil action’ within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.” Id. at 559, 125 S.Ct. 2611. Thus, the Court in Exxon Mobil acknowledged in *947 the supplemental jurisdiction context that a “civil action” can refer to a subset of claims within a case and not simply an “entire case.” Id. Exxon Mobil thus explicitly recognized the similarity between the analyses used for supplemental jurisdiction and for removal jurisdiction. The Court found their similarity so substantial that cases interpreting removal statutes may be used to interpret similar terms in the supplemental jurisdiction statute. Id. at 563, 125 S.Ct. 2611. In sum, the Court has at least implicitly recognized that a “civil action” in the removal context can consist of something less than the entire case.
III. Conclusion
Based on the foregoing, I would reach the primary issue in this case and hold that Gander can remove the City’s claim because that civil action involved a new party who asserted a new and original claim. Therefore, I respectfully dissent.

. Section 1441 provides:
(a) Generally. — Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(b) Removal based on diversity of citizenship. — (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
(c)Joinder of Federal law claims and State law claims. — (1) If a civil action includes—
(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).
28 U.S.C. § 1441 (emphasis added).

. In dicta, the majority opinion criticizes the Supreme Court's alleged dicta in Allapattah, stating:
Exxon Mobil was a diversity class action case brought by gasoline dealers claiming they had been overcharged for fuel; they argued for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over tibe claims of class members not meeting the jurisdictional amount in controversy under 28 U.S.C. § 1332. Id. at 550, 125 S.Ct. 2611. The Supreme Court’s decision that so long as there was original jurisdiction over one class member, the district court could exercise supplemental jurisdiction over the other claims for overcharges, id. at 559, 125 S.Ct. 2611, is inapposite here. In that case the Court had no reason to analyze the statutes which Congress has provided for removal jurisdiction on which the district court relied here, such as 28 U.S.C. § 1447(d)'s bar on review of remand orders based on a procedural flaw under § 1447(c), or § 1446’s bar on untimely removals.
See Majority Opinion, Part III, supra.